IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARIA E. PENA MARTINEZ,<br>*Plaintiff*<br><br>v.<br><br>TEXAS GENERAL LAND OFFICE,<br>*Defendant* | §§§§§§§§§§<br><br>No. 1:25-CV-01745-RP-SH |

# ORDER

Before the Court are Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), and Motion for Permission to File Electronically (Dkt. 3), both filed October 30, 2025. The District Court referred this case to this Magistrate Judge pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the District Court's Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 4.

Plaintiff Maria E. Pena Martinez brings this employment discrimination suit against her former employer, The Texas General Land Office. Plaintiff asks permission to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and to file electronically.

## I. Application for *In Forma Pauperis* Status

Under § 1915(a)(1), a district court may permit a plaintiff to file an action in federal court "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that she is unable to pay such fees. The district court's decision whether a party may proceed *in forma pauperis* "must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). The movant need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Instead, the question is

1

whether the movant can afford the costs without undue hardship or deprivation of "the necessities of life." *Id.*

After reviewing Plaintiff's application, the Court finds that she cannot pay the filing fee without experiencing undue financial hardship and **GRANTS** her application for *in forma pauperis* status. Plaintiff is advised that *in forma pauperis* status is granted subject to a later determination that this action should be dismissed if the allegation of poverty is untrue, or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is also advised that although she has been granted leave to proceed *in forma pauperis*, the Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her complaint under 28 U.S.C. § 1915(e). A court may summarily dismiss or partially dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, the Court's task is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983).

Plaintiff alleges she was discriminated against because of her race, national origin, sex, and age and sex, in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act. Dkt. 1 at 1. She also alleges that she exhausted her administrative remedies and received a right to sue letter from the Equal Employment Opportunity Commission, which is attached to her Complaint. Dkt. 1-2. Plaintiff's allegations are sufficient at this stage to avoid dismissal for frivolousness. Accordingly, this Magistrate Judge does not recommend that the District Court dismiss this case under 28 U.S.C. § 1915(e)(2)(B).

## II.    Application for Permission to File Electronically

Plaintiff also asks the Court to approve her request to become an electronic filing user. Because Plaintiff states that she has regular access to all the technical requirements necessary to e-file successfully, the Court **GRANTS** her Application for Permission to File Electronically (Dkt. 3).

## III.    Conclusion

The Court **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and **ORDERS** Plaintiff's Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1).

The Court **FURTHER ORDERS** the Clerk to issue summons and **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee.

The Court **GRANTS** her Application for Permission to File Electronically (Dkt. 3).

The Clerk **FURTHER ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

**SIGNED** on November 3, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE